H. L. MOORE DRUG EXCHANGE, INC.,
Plaintiff-Appellant,

v.

SMITH, KLINE & FRENCH LABORA-
TORIES et al., Defendants,

and

Brunswig Drug Company, Defendant-
Appellee.

Hyman BOXER, d/b/a Wholesale Drug
Co., Plaintiff-Appellant,

v.

SMITH, KLINE & FRENCH LABORA-
TORIES et al., Defendants,

and

Brunswig Drug Company, Defendant-
Appellee.

Nos. 44, 45, Dockets 31290, 31291.

United States Court of Appeals
Second Circuit.

Argued Sept. 27, 1967.

Decided Oct. 5, 1967.

See also 43 F.R.D. 25.

Sheldon S. Lustigman, New York City (Bass & Friend, New York City), for plaintiffs-appellants.

Cyrus Austin, New York City (Austin, Burns, Smith & Walls, John P. Cuddahy, New York City, on the brief), for defendant-appellee.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM:

Appellants have instituted treble damage actions against several drug firms alleging violation of section 1 of the Sherman Antitrust Act. Defendant Brunswig Drug Company moved, with supporting affidavits, to quash service of the summons and to dismiss the complaint against it for lack of jurisdiction over the person. This motion was granted. Appellants claim that the District Court erred in denying their motion for an opportunity to take Brunswig Drug's deposition as to its transaction of business within the Southern District of New York. They argue that defendant's affidavits were sufficiently ambiguous as to raise a question of fact of doing business and that defendant was sufficiently present in the jurisdiction by reason of his participation in a conspiracy which had members here.

Although when a defendant moves to dismiss for lack of jurisdiction, either party should be permitted to take depositions on the issues of fact raised by the motion (4 Moore's Federal Practice, par. 26.09(2.–4), the discovery rules vest broad discretion in the trial court which should not be overruled without a showing of abuse. Here the court found that no issue of fact was raised by the motion to dismiss and denied discovery.

Appellants arrive at their contention that an issue of fact was raised by a very strained reading of defendant's affidavits.

Appellants also suggest that defendant is present in this district for jurisdictional purposes if it is a co-conspirator with others in the district. However, the presence of one co-conspirator within the jurisdiction does not give jurisdiction over all who are alleged to be co-conspirators. Bertha Building Corp. v. National Theatres Corp., 248 F.2d 833, 836 (2d Cir. 1957), cert. denied, 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811 (1958).

Affirmed.