VAL PREVEDINI *v.* MOBIL OIL CORPORATION

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 10, 1972—decided January 24, 1973

*I. Milton Widem,* with whom, on the brief, was *John J. Kenny,* for the appellant (defendant).

*Elliott B. Pollack,* for the appellee (plaintiff).

Shapiro, J. The plaintiff Val Prevedini, hereinafter called Prevedini, instituted an action of summary process against the defendant Mobil Oil Corporation, hereinafter called Mobil, in the Circuit Court where a stay of the proceedings was ordered. After the filing of a motion by Prevedini to vacate the stay, Mobil filed a motion to dismiss the motion to vacate the stay. The Appellate Division denied the motion to dismiss and vacated the order staying the proceedings. Mobil filed a notice of and then a petition for certification which this court granted.

On April 24, 1964, Mobil leased from Prevedini, commencing May 1, 1964, and terminating on March 1, 1971, certain premises in the town of Wethersfield used as a gasoline service station. The lease

contained an option clause, the pertinent portion of which appears in the footnote.[1]   The defendant claims that on October 6, 1969, Prevedini executed a quitclaim deed to Robert L. Spinetta of the premises involved in the lease.   It further claims that the deed was subsequently recorded in the Wethersfield land records which disclosed receipt of a conveyance tax in the sum of $46.20.   A real estate conveyance tax form filed with the town clerk disclosed the full purchase price of the property to

[1] "6.   As a part of the consideration hereof and without prejudice to the foregoing options Lessee at all times shall have the following pre-emptive right:   Lessor shall not prior to the beginning of nor during the term of this lease or any renewal thereof sell, lease, grant options in respect of, or otherwise dispose of the whole or any part of said premises, any real property including the same or the whole or any part of Lessor's reversionary interest therein without giving Lessee a thirty (30) day option within which to purchase, lease or otherwise acquire the premises or any real property, including the premises or such reversionary interest therein on the same terms and conditions as those on which Lessor is willing to make such sale, lease or other disposition to any other party, and Lessor shall promptly notify Lessee in writing of all of said terms and conditions and submit with such notice to Lessee a full and accurate copy of any bona fide offer acceptable to Lessor which Lessor may have received, duly attested by Lessor.   If Lessee elects to exercise said pre-emptive right it shall do so in writing within thirty (30) days after receipt of notice of the terms and conditions and the closing shall take place at Town Clerk's Office, Wethersfield, Connecticut, sixty (60) days subsequent to the exercise of said pre-emptive right, at which closing Lessor shall, in the case of the conveyance of the fee, deliver to Lessee a good and valid full covenant warranty deed conveying a good and marketable title and a good and clear record title free and clear of all liens and encumbrances or, in the case of any lease or other disposition of said premises, any real property including the same or of Lessor's reversionary interest therein, delivery to Lessee an instrument in form and substance satisfactory to Lessee and sufficient to transfer to Lessee the interest proposed to be disposed of.   Failure to exercise this right on one or more occasions shall not affect the right of Lessee to exercise its pre-emptive right upon any occasion thereafter arising prior to the beginning of or during the term of this lease or any renewal thereof."

be $41,940. The claim is made that this conveyance was made without notice to Mobil. On January 11, 1971, Mobil's real estate representative wrote to Prevedini stating that he would like to meet "and discuss our present lease which expires March 1, 1971." Prevedini replied by letter of January 14, 1971, stating that he was "not interested in discussing any renewal of a lease on [the] property."

On February 24, 1971, Mobil brought an action in the Superior Court against Prevedini and Spinetta seeking, inter alia, to enforce its claimed preemptive rights under paragraph six of the lease[2] and seeking a judgment requiring Prevedini to sell the gasoline station premises to Mobil for the same price for which Prevedini sold them to Spinetta. It is also claimed that at the same time a lis pendens was recorded in the Wethersfield land records and an attachment was placed on the property. Thereafter, Prevedini brought an action in the Superior Court against Mobil seeking an interpretation of the terms of the lease as well as damages. Both actions are awaiting assignment as privileged matters. On April 1, 1971, Prevedini instituted in the Circuit Court an action of summary process against Mobil seeking possession of the premises on the claim that the lease had expired. In its answer, Mobil pleaded as a special defense that since an action was pending in the Superior Court seeking a determination of its preemptive rights under the lease, Prevedini's title to the premises was in controversy and, therefore, summary process at this time was

---

[2] Prevedini states in his brief that paragraph six of the lease "basically gave Mobil a thirty-day right of first refusal to purchase, lease or otherwise acquire the gasoline station premises under the same terms and conditions as those on which Prevedini might be willing to make a bona fide sale, lease or other disposition to any other party."

not available. On August 12, 1971, the Circuit Court entered a stay of the summary process proceedings until final adjudication of the action pending in the Superior Court. On August 17, 1971, Prevedini filed a motion with the Appellate Division[3] to vacate the Circuit Court's order. On September 27, 1971, Mobil filed a "Motion to Dismiss the Appeal," claiming that the stay was an interlocutory order from which no appeal could be taken and, therefore, the Appellate Division lacked jurisdiction to hear Prevedini's motion since there was no final judgment. Nevertheless, on December 9, 1971, the Appellate Division denied Mobil's motion to dismiss and vacated the order staying the summary process proceedings. On December 9, 1971, pursuant to Practice Book § 743, Mobil filed notice and then a petition for certification for appeal which this court granted on January 19, 1972. No claim is made that Mobil has failed to keep current the payments of the contract rent as provided in the lease.

The basic question we deal with here is whether the order of the Circuit Court staying the summary process proceedings was reviewable by the Appellate Division. If the Circuit Court stay was not reviewable, the action of the Appellate Division in vacating the stay cannot stand. Section 51-265,

---

[3] General Statutes § 51-265, which conferred appellate jurisdiction over judgments of the Circuit Court and provided for review, was amended by 1971 Public Act No. 870. Section 131 of this act provided in part that "[t]his act shall take effect September 1, 1971, except that any court before which a case is pending on said date shall retain jurisdiction of such case." Section 51-265, before the effective date of the above amendment, recited in part that "[a]ppeals from any final judgment or action of the circuit court, . . . shall be taken to an appellate session of such court." After September 1, 1971, Public Act No. 870, § 6, made effective the substitution of appellate sessions of the Court of Common Pleas for the review of cases on appeal from the Circuit Court.

which confers appellate jurisdiction over the Circuit Court, provides for review of "any final judgment or action of the circuit court." This court has developed a number of standards delineating the requirement of finality. One test is whether the order or action terminates a separate and distinct proceeding. *Dewart* v. *Northeastern Gas Transmission Co.,* 139 Conn. 512, 514, 95 A.2d 381. Another test lies in the effect of an order "as concluding the rights of some or all of the parties"; *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 307, 142 A. 838, *Gores* v. *Rosenthal,* 148 Conn. 218, 221, 169 A.2d 639; and finally, if the rights of the parties are concluded so that further proceedings cannot affect them, then the judgment is final. *State* v. *Fahey,* 146 Conn. 55, 57, 147 A.2d 476; *Watson* v. *Howard,* 138 Conn. 464, 467, 86 A.2d 67; *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 373, 84 A.2d 681. Furthermore, an order staying proceedings does not ordinarily terminate an action but merely postpones it and is normally considered interlocutory. *Gores* v. *Rosenthal,* supra.

Here we have a stay of summary process proceedings. The purpose of summary process proceedings as authorized by § 52-532 of the General Statutes is to permit the landlord to recover possession on termination of a lease; *Feneck* v. *Nowakowski,* 146 Conn. 434, 436, 151 A.2d 891; without suffering the delay, loss and expense to which he may be subjected under a common-law action. *Housing Authority* v. *Alprovis,* 19 Conn. Sup. 37, 39, 109 A.2d 884. The process is intended to be summary and is designed to provide an expeditious remedy to the landlord seeking possession. *Mayron's Bake Shops, Inc.* v. *Arrow Stores, Inc.,* 149

Conn. 149, 154, 176 A.2d 574; *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 530, 41 A.2d 109. The issue of possession under summary process in this case, as claimed by Mobil, can be adjudicated in the future depending on the outcome of the proceedings in the Superior Court. Prevedini, however, contends that, in light of the express purpose of the summary process procedure, the action of the Circuit Court operated to deprive him of his statutory right under § 52-532 to a prompt decision on the issue of the right to possession of the premises. We are concerned only with the effect of the order issued by the Circuit Court in staying the summary process proceedings and whether that stay constituted a final judgment which the Appellate Division could properly review on appeal.

In dealing with the right of appeal, we have held that "[t]he right of appeal is purely statutory and is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met. *Kennedy* v. *Walker,* 135 Conn. 262, 266, 63 A.2d 589. The appeal lies only from a final judgment. General Statutes . . . [§ 51-265]; *Levay* v. *Levay,* 137 Conn. 92, 95, 75 A.2d 400. The test of a final judgment lies, not in the nature of the ruling, but in its effect in concluding the rights of the party appealing; if his rights are concluded so that further proceedings after the ruling cannot affect them, there is a final judgment." *Howarth* v. *Northcott,* 152 Conn. 460, 462, 208 A.2d 540; *Hiss* v. *Hiss,* 135 Conn. 333, 336, 64 A.2d 173; see *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, 451, 208 A.2d 337; 47 Am. Jur. 2d 124, Judgments, § 1054. In the case at bar, the rights of the parties are not concluded so that further proceedings after the rendition of the stay order cannot

affect them. There remains to be determined the very issue for which the summary process action was brought, namely, the question of possession of the premises. When that is resolved, following a trial before the Circuit Court, then a final judgment will result. The order of the Circuit Court is not a final judgment from which an appeal lies and the Appellate Division in denying Mobil's motion to dismiss for lack of jurisdiction and in vacating the stay of proceedings ordered by the Circuit Court was in error.

We point out that as a consequence of the appeal to this court there has resulted an inordinate delay which thwarts the purpose of summary process. The Appellate Division, relying on *Gores* v. *Rosenthal,* supra, recognized that where an order is interlocutory it can be reviewed only on an appeal from the final judgment rendered in the case. Nevertheless, in an obvious endeavor to afford a prompt hearing to Prevedini, it treated the action of the Circuit Court as if it were a final judgment. In so doing it was in error. This court will intercede in an appeal before it and go beyond the issue raised on the appeal only under exceptional circumstances. The inordinate lapse of time since the summary process action was commenced and the resulting situation leads us to believe that, on remand, the Circuit Court will promptly adjudicate the matter, thereby affording either party the benefit of an appeal. We do not discuss what other remedies may be available to the parties.

In vacating the stay of proceedings the Appellate Division decided a question of substance not in accord with controlling precedent and thereby the interests of justice required this court to review it. See *State* v. *Chisholm,* 155 Conn. 706, 236 A.2d

465; *State* v. *Cullum,* 149 Conn. 728, 730, 176 A.2d 587. The Appellate Division erred in vacating the stay order instituted by the Circuit Court.

There is error and the case is remanded to the Appellate Division with direction to dismiss the appeal.

In this opinion the other judges concurred.