LOUISE GUERIN *v.* NICHOLAS NORTON, WELFARE COMMISSIONER, ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 2—decision released November 5, 1974

*Francis J. MacGregor,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellant (named defendant).

*Mary R. Hennessey,* for the appellee (plaintiff).

PER CURIAM. This appeal is ancillary to a welfare department fair hearing proceeding wherein subpoenas were issued by the plaintiff's counsel directing the welfare commissioner and two of his subordinates to appear as witnesses at that hearing. Neither the welfare commissioner nor his subordinates appeared as directed. Thereafter, the plaintiff brought an application to the Superior Court seeking a citation to compel them to appear in court and answer questions pursuant to the previously issued subpoenas. Upon the issuance of a citation by the court, the defendants filed a plea in abatement alleging that "the court had no jurisdiction to sign the citation order." The court overruled the plea in abatement from which decision the commissioner has appealed to this court.

An appeal to this court may be taken only from a final judgment. General Statutes § 52-263; Practice Book § 600; *Tough* v. *Ives,* 159 Conn. 605, 606, 268 A.2d 371; *Howarth* v. *Northcott,* 152 Conn. 460, 462, 208 A.2d 540. The absence of a final judgment goes to the jurisdiction of the court. Any appeal which is not from a final judgment must be rejected even though that issue has not been raised by the parties. *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 574, 87 A.2d 137.

The overruling of a plea in abatement does not constitute a final judgment. *Morse* v. *Rankin,* 51 Conn. 326, 328-29; Maltbie, Conn. App. Proc. § 15; 4 C.J.S., Appeal and Error, § 119. The ruling was interlocutory. " 'Such rulings are those made in the course of the proceeding, the object of which is to bring the parties to, and present to the court for determination, the ultimate issues which determine the right of a party to the relief he claims, but which

neither terminate the action nor determine those issues in such a manner as to put it beyond the power of the court to alter its decision except as it may reopen the judgment it has rendered. *Batesville* v. *Ball,* 100 Ark. 496, 500, 140 S.W. 712.' *State* v. *Kemp,* [124 Conn. 639, 643, 1 A.2d 761]." *Luliewicz* v. *Eastern Malleable Iron Co.,* 126 Conn. 522, 525, 12 A.2d 779.

Since the lack of a final judgment is a jurisdictional defect, the appeal must be dismissed. *Sewer Commission* v. *Norton,* 164 Conn. 2, 6, 316 A.2d 775; *Cone* v. *Darrow,* 148 Conn. 109, 112, 167 A.2d 852; *Costecski* v. *Skarulis,* 103 Conn. 762, 763, 131 A. 398.

The appeal is dismissed.