CHRYSLER CREDIT CORPORATION *v.* FAIRFIELD CHRYSLER-PLYMOUTH, INC., ET AL.

LOISELLE, BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued December 7, 1979—decision released April 8, 1980

*Arthur Levy, Jr.,* with whom, on the brief, was *Steven A. Levy,* for the appellants (defendants).

*David A. Reif,* with whom, on the brief, was *William S. Colwell,* for the appellee (plaintiff).

PETERS, J.   This appeal arises out of an order imposing sanctions for failure to comply with a discovery order. The plaintiff, Chrysler Credit Corporation (hereinafter Chrysler Credit), sued the defendant Fairfield Chrysler-Plymouth, Inc. (hereinafter Fairfield) on a debt and a security interest in the form of a floor plan loan account. The defendant Morris Goldman was sued as garnishee of and assignee from the defendant Fairfield. Goldman moved to dismiss the complaint against him,[1] alleging lack of personal jurisdiction over him. When this motion was heard, the plaintiff requested and received a continuance to enable it to make an appropriate evidentiary showing.   In an effort to

---

[1] Both defendants also moved to dismiss the action against them on the ground of a prior pending suit between the parties involving the same issues. That motion has apparently not yet been adjudicated and is not at issue in the present appeal.

acquire the relevant evidence, the plaintiff procured from the trial court a discovery order requiring the defendant to produce certain documents. Goldman objected to this order on the ground that he had not been properly served, and requested a protective order to limit the deposition to the issues raised in the prior motions to dismiss. The objection was overruled, and the protective order denied. Upon a subsequent notice of deposition, Goldman appeared but, upon advice of counsel, refused to produce any of the documents that Chrysler Credit had requested. The plaintiff then filed a motion for an order imposing sanctions upon Goldman for his refusal to comply with the duly filed notice of deposition. Upon a finding, after a hearing, that the discovery order had been disobeyed, the trial court, *Ford, J.,* imposed upon the defendant Goldman the sanctions that are the subject of this appeal.

Before we address the merits of the several challenges to the mandate of the trial court, we must first clarify our own jurisdiction in the premises. Is the order of March 16, 1979, which imposes sanctions for noncompliance with the notice of deposition for discovery a final judgment which is presently appealable, or must appeal await disposition of the case as a whole? Although the plaintiff in its brief does not contest our jurisdiction, and the defendants urge it, jurisdiction cannot be conferred upon this court by the consent of the parties, or by waiver. *Guerin* v. *Norton,* 167 Conn. 282, 283, 355 A.2d 255 (1974); *Gores* v. *Rosenthal,* 148 Conn. 218, 221, 169 A.2d 639 (1961); *Cone* v. *Darrow,* 148 Conn. 109, 112, 167 A.2d 852 (1961). We must therefore determine the finality of the order of March 16, 1979, for the purposes of an immediate appeal. See General Statutes § 52-263.

An order issued upon a motion for discovery is ordinarily not appealable because it does not constitute a final judgment, at least in civil actions. See *Kerite Co.* v. *Alpha Employment Agency, Inc.,* 166 Conn. 432, 436, 352 A.2d 288 (1974); *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 291–93, 320 A.2d 797 (1973). The question that must be decided is whether to create an exception to this general rule when the deposition order relates to a matter of jurisdiction over the person.

The procedures that govern adjudication of disputes concerning jurisdiction over the person, or territorial jurisdiction as it is now denominated in the Restatement (Second), Judgments §§ 7–13 (Tent. Draft No. 5, 1978),[2] are spelled out in our rules of practice. Such an issue is properly raised, as it was in this case, by a motion to dismiss. Practice Book, 1978, § 143. If decided adversely to the movant, further consideration of the matter is postponed until adjudication of the remaining issues in the case in chief. Upon appeal of the case as a whole, error may be assigned with respect to the earlier adjudicated jurisdictional question. Practice Book, 1978, § 146. See General Statutes § 52-119.[3] These rules replace the former practice

[2] The term "territorial jurisdiction" is used in the Restatement to refer "to the connection between the territorial authority of the court and the action that has been brought before the court." Restatement (Second), Judgments, Introductory Note to Chapter 2, p. 8 (Tent. Draft No. 5, 1978). Territorial jurisdiction includes jurisdiction in personam, in rem, or quasi in rem. Id., 9.

[3] "[General Statutes] Sec. 52-119. PLEADING TO BE ACCORDING TO RULES AND ORDERS OF COURT. Parties failing to plead according to the rules and orders of the court may be nonsuited or defaulted, as the case may be."

The statutory counterparts to Practice Book, 1978, § 146, General Statutes (Rev. to 1977) §§ 52-91 and 52-124 concerning pleas in abatement to the jurisdiction of the court, were repealed by Public Acts 1978, No. 78-379, §§ 19, 26.

of special and general appearances. In the usual case, therefore, a contested decision that a party has been properly served with process would not be immediately appealable unless that party refused to plead further and a judgment of default were rendered. See James & Hazard, Civil Procedure (2d Ed. 1977) § 12.22.

The order of the trial court imposing sanctions for noncompliance with a duly filed notice of deposition was issued in support of the court's authority to determine, in an orderly fashion, whether the defendants' motion to dismiss should be granted or denied. A court must have jurisdiction to determine its own jurisdiction, especially where, as here, the defendants have by their appearance put that question into issue. A party in a civil action is permitted by our rules to take the testimony of any person, whether or not a party, by deposition. Practice Book, 1978, § 243 (formerly Practice Book, 1963, § 185). Under similar rules, the federal courts have permitted discovery to show whether a court has personal jurisdiction. See *Budde* v. *Ling-Temco-Vought, Inc.,* 511 F.2d 1033, 1035 (10th Cir. 1975); *H. L. Moore Drug Exchange, Inc.* v. *Smith, Kline & French Laboratories,* 384 F.2d 97 (2d Cir. 1967); Moore, Federal Practice & Procedure § 30.52 (5) (2d Ed. 1978). Our rules specifically authorize, as one of the sanctions for noncompliance with a discovery order, the entry of an order that the matters regarding which the discovery was sought may be taken as established for the purposes of the action. Practice Book, 1978, § 231 (formerly Practice Book, 1963, § 172).

The trial court determined that it had jurisdiction to proceed because of the defendant's contuma-

cious failure to cooperate with court-ordered discovery proceedings. That determination may have been correct or incorrect. In other circumstances, a trial court may correctly or incorrectly determine that a motion to dismiss on jurisdictional grounds should be denied. In either case, if there is error, the trial court's action is reviewable upon appeal, pursuant to Practice Book, 1978, § 146, after a trial on the merits has been concluded and a final judgment has been rendered. At the present time, there is only an interlocutory order that is not yet appealable.

The appeal is therefore dismissed.

In this opinion BOGDANSKI and PARSKEY, Js., concurred.

LOISELLE, J. (concurring). I concur. My only purpose in concurring by a separate opinion is to make sure that my concurrence is not construed as a tacit approval of a court obtaining jurisdiction over a person by way of sanction.

The court found that Goldman did not cooperate with the notice of discovery in New York.[1] By imposing sanctions for failure to comply, the court invoked Practice Book § 171 (c), effective July 1, 1978, now renumbered § 231. Section 231 provides in part: "If any party . . . has failed to appear and testify at a deposition . . . or has failed otherwise substantially to comply with any other discovery order . . . the court may, on motion, make

---

[1] Although Goldman agreed to be deposed, he refused to comply with the order as given. Whether Goldman's failure to cooperate was excused due to Chrysler's lack of specificity in the notice of deposition need not be considered here because the court's ruling shows that the court acted within its discretion in that respect.

such order as the ends of justice require [including] . . . (c) The entry of an order that the matters regarding which the discovery was sought or other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order . . . ." Here the court ordered that jurisdiction over Goldman was established for the purposes of this action in accordance with Chrysler's claim. Goldman, however, was not a "party" as required by § 231 and defined in § 216 until the court asserted jurisdiction over him. The court cannot lift itself by its own bootstraps by imposing the sanction of jurisdiction against a person over whom jurisdiction has not yet been established.

Beyond the rules of practice, jurisdiction is the power in a court to hear and determine the cause of action presented to it. *LaReau* v. *Reincke,* 158 Conn. 486, 492, 264 A.2d 576 (1969) ; *Brown* v. *Cato,* 147 Conn. 418, 422, 162 A.2d 175 (1960) ; *Samson* v. *Bergin,* 138 Conn. 306, 309, 84 A.2d 273 (1951). It is well established that a court is without power to render a judgment if it lacks jurisdiction and that everything done under the judicial process of courts not having jurisdiction, is, ipso facto, void. *Martin* v. *Hunter's Lessee,* 14 U.S. (1 Wheat.) 304, 364 (1816) ; *Marshall* v. *Clark,* 170 Conn. 199, 205, 365 A.2d 1202 (1976) ; *Clover* v. *Urban,* 108 Conn. 13, 17, 142 A.2d 389 (1928).

In this case, the issue of jurisdiction was put squarely to the court by the motion to dismiss. The court was then under a duty to determine its own jurisdiction. At that time jurisdiction depended on whether Harold Parker was served in Connect-

icut as an agent of Goldman.[2] If in fact Parker was not an agent of Goldman at the time of service, any order of the court is void. A finding of jurisdiction is not a matter within the discretion of a court but a legal determination to be reached upon the facts and the pleadings. The fact that a named defendant has failed to cooperate or that the evidence necessary to establish jurisdiction is difficult to obtain cannot supplant a legal determination by the court of its jurisdiction.

In this opinion HEALEY, J., concurred.

---

[2] There is no claim that Goldman might be subject to jurisdiction under the "minimum contacts" rule as enunciated in *Shaffer* v. *Heitner*, 433 U.S. 186, 212, 97 S. Ct. 1269, 53 L. Ed. 2d 683 (1976) and discussed in *Hodge* v. *Hodge*, 178 Conn. 308, 317–18, 422 A.2d 280 (1979).