[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is a malpractice action in which the plaintiff, Kristin Ludington Fritz, a resident of Greenwich, Connecticut, alleges in a seven count complaint that the defendants, William Vestal, a minister who practices psychotherapy, Harvey Wasserman, a psychologist who practices psychotherapy and the Valhalla United Methodist Church, were negligent during a course of psychotherapy covering the time period April, 1988 through February, 1989.
The plaintiff filed a seven count complaint against the three defendants. Counts One through Four are directed against defendant Vestal and arise from psychotherapy which plaintiff allegedly began with Vestal as her counselor in April, 1988 in New York. Count One sounds in negligence. The plaintiff alleges that Vestal failed to exercise the care, skill and judgment exercised by other counselors. Count Two alleges breach of fiduciary duty. Count Three alleges negligent infliction of emotional distress and Count Four alleges assault and battery.
In Count Five the plaintiff alleges that the Valhalla United Methodist Church was negligent in its supervision of defendant Vestal in his counseling duties toward the plaintiff. In Count Six she alleges malpractice against defendant Wasserman in that he failed to exercise the degree of care, skill and judgment ordinarily exercised by other psychologists in his conduct of therapy sessions with her. In Count Seven she alleges assault and battery as to defendant Wasserman.
The plaintiff alleges that in October, 1988, defendant Vestal arranged for the plaintiff's therapy to be continued by defendant Harvey Wasserman, a psychologist who practices in Westport, Connecticut, and who was defendant Vestal's own therapist. The plaintiff alleged that on at least one occasion defendant Vestal participated in plaintiff's CT Page 460 therapy session with defendant Wasserman.
Counsel for defendant Vestal filed an appearance on October 9, 1990. On October 25, 1990, he moved to dismiss the allegations addressed to him in the complaint on the ground of lack of personal jurisdiction. The motion to dismiss was timely filed in accordance with Practice Book 142. Defendant Vestal supported his motion to dismiss with an affidavit and a memorandum of law. The plaintiff filed a memorandum in opposition on November 14, 1990, five days before the motion was considered on the short calendar. Practice Book 143.
Jurisdiction is the power in a court to hear and determine the cause of action presented it. (citations omitted). It is well established that a court is without power to render a judgment if it lacks jurisdiction and that everything done under the judicial process of courts not having jurisdiction is, ipso facto, void. (citations omitted). . . . A finding of jurisdiction is not a matter within the discretion of a court, but a legal determination to be reached upon the facts and the pleadings. Chrysler Credit Corporation v. Fairfield Chrysler-Plymouth, Inc., 180 Conn. 223, 229-230 (1980) (Loiselle, J. concurring). Every presumption favoring jurisdiction should be utilized. Conn. Light and Power v. Castle, 179 Conn. 415, 421 (1980). A motion to dismiss shall be used to assert lack of personal jurisdiction. Conn. Practice Book 143 (rev'd to 1978, as updated to October 1, 1990). The plaintiff ordinarily bears the burden of establishing an adequate factual basis for personal jurisdiction over a defendant (citation omitted). United States Trust Co. v. Bohart, 197 Conn. 34, 39 (1985). If the defendant challenges the court's jurisdiction, it is then incumbent on the plaintiff to prove the facts establishing the requisite minimum contacts. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53 (1983).
 The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness. `The foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' World-Wide Volkswagon Corporation v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) . . . . The specific facts of each case necessarily determine the outcome of minimum contacts analysis. (citation omitted).
United States Trust Co. v. Bohart, 197 Conn. at 41-42.
The term "transacts any business," found in Connecticut General Statutes 52-59b has been construed by the court to embrace a single purposeful business transaction. Zantolas v. Nisenfeld,184 Conn. 471, 474 (1981). CT Page 461
The defendant Vestal moves to dismiss this action claiming that the plaintiff does not have personal jurisdiction over him. In his memorandum, Vestal claims that the therapy took place in New York, and ended in October, 1988, and that a personal relationship commenced when the professional consulting relationship ended. He argues that the plaintiff travels to New York for her therapy sessions, and that no tortious acts were committed within the state of Connecticut. Connecticut General Statutes 52-59b(2) (emphasis added). He claims there was a "transition period" during which time he arranged for therapy for the plaintiff with defendant Wasserman in Westport, Connecticut, but that this was not a "professional" activity. Vestal claims that the allegations of the complaint fail to afford the court a sufficient factual basis for personal jurisdiction either under the Connecticut long arm statute or the minimum contacts doctrine. He claims that he did not transact any business in Connecticut that would bring him under the Connecticut General Statutes 52-59 (b)a, the Connecticut long arm statute. Relying on Rosenblit v. Danaher, 206 Conn. 125, he argues that the Connecticut court cannot exercise personal jurisdiction over him because he did not
1) transact any business within the state; or
2) commit a tortious act within the state . . .; or
 3) commit a tortious act outside the state causing injury to a person . . . within the state, while soliciting or conducting business in Connecticut, or owning using or possessing property in Connecticut.
Connecticut General Statutes 52-59b.
In Rosenblit, a Massachusetts attorney accused of malpractice attended one business meeting in Connecticut during the course of representing Rosenblit in Massachusetts, as well as conducting litigation on his behalf in Massachusetts. The Connecticut court found that Rosenblit did not sustain his burden of establishing facts sufficient to make the defendant subject to the Connecticut court's jurisdiction. Rosenblit may be distinguished from the instant case in that the plaintiff was doing business in Massachusetts and hired a Massachusetts attorney to assist him in Massachusetts. Here, the plaintiff resides in Connecticut, some of the therapy was conducted in Connecticut, and other acts, alleged to have occurred after October, 1988, took place in Connecticut.
On November 26, 1990, the plaintiff presented testimony to the court, (Ryan, J. presiding) at which time she presented cancelled checks covering the time period November, 1988 through January, 1989, made payable to defendant Vestal. She also testified that she and defendant Vestal took part in group therapy sessions conducted by Vestal in Stamford, Connecticut during the time period covered by the cancelled checks, which CT Page 462 she alleges were drawn in payment for therapy. The plaintiff also filed an affidavit attesting to additional facts in support of her opposition to the motion to dismiss. The plaintiff was cross-examined by counsel payable to defendant Vestal. Standard Tallow, 190 Conn. at 56. (When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and cross-examine adverse witnesses). The presiding judge allowed the defendant two weeks to submit an additional brief on the subject matter of the proffered evidence. .
It is found that the plaintiff has made a sufficient showing of acts committed in Connecticut to allow the court to exercise personal jurisdiction over the defendant, William Vestal. Accordingly, the defendant's motion to dismiss is denied.
RYAN, JOHN J.P., JUDGE