[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #102
CT Page 7787
FACTS
The plaintiff, Frederick Tregaskis, instituted this action against the defendant, Wine Enthusiast Companies, to recover damages he sustained as the result of the defendant's termination of his employment. In a two count complaint, the plaintiff makes claims of breach of an employment contract and a violation of the Connecticut Unfair Trade Practices Act (CUTPA). The defendant now moves to dismiss this action on the grounds that this court lacks personal jurisdiction.
The defendant argues that this lacks personal jurisdiction because the defendant does not fall within the purview of Connecticut's long-arm statute, General Statutes Sec. 33-411. The defendant contends Sec. 33-411 (b) does not apply here because it does not transact business in Connecticut as that term is defined by the statutes. Additionally, the defendant contends that the court lacks jurisdiction under Sec. 33-411 (c) because the plaintiff's cause of action does not fall within the parameters of that subsection. Finally, the defendant contends that even if the court determines that it falls within the ambit of Connecticut's long-arm statute, the court's assertion of personal jurisdiction would violate due process under a minimum contacts analysis.
The plaintiff contends that this court has personal jurisdiction under Sec. 33-411 (c)(4) because this cause of action arises out of tortious conduct the defendant committed in Connecticut. The plaintiff filed a request to amend his complaint which alleges that the defendant contacted him by telephone at his home in Connecticut and wrongfully terminated his employment. The plaintiff contends that this telephone conversation, during which the defendant terminated the plaintiff's employment, constituted tortious conduct in Connecticut sufficient to invoke the long-arm statute.
Lack of personal jurisdiction is properly raised by a motion to dismiss. Chrysler Credit Corp. v. Fairfield Chrysler-Plymouth,Inc., 180 Conn. 223, 429 A.2d 478 (1980). When jurisdiction is asserted on the basis of the long-arm statutes, and the defendant challenges jurisdiction by a motion to dismiss, the burden of proof is on the plaintiff to present evidence that will establish jurisdiction. Standard Tallow Corp. v. Jowdy, 190 Conn. 48, CT Page 7788459 A.2d 503 (1983). The court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light. A motion to dismiss will be denied where a plaintiff is able to make a prima facie showing that defendant's conduct was sufficient for a court to exercise personal jurisdiction." In reConnecticut Asbestos Litigation, 677 F. Sup. 70, 72 (D.Conn. 1986).
"Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Citations and internal quotation marks omitted.)Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 441 A.2d 183
(1982). Questions of jurisdiction, including personal jurisdiction, ordinarily, must be considered by the court before any further proceedings may take place. Kohn Display WoodworkingCo. Paragon Paint Varnish Corp., 166 Conn. 446, 448,352 A.2d 301 (1974) (trial court should give full consideration to claim of lack of personal jurisdiction before addressing subsequent motions). When the plaintiff amends their complaint as of right under Gen. Stat. Sec. 52-128 and Practice Book Sec. 175, however, the amended complaint takes effect ab initio and may cure any claimed jurisdictional defect. See Sheehan v. Zoning Commission,173 Conn. 408, 411, 378 A.2d 519 (1977).
In this case, the plaintiff claims that his amended complaint cures any alleged jurisdictional defect by adding allegations that bring the action within the requirements of the long-arm statute. The amended complaint, however, was not filed as of right under General Statutes Sec. 52-128 and Practice Book Sec. 175 since it was filed well beyond thirty days after the return date. The amended complaint, therefore, does not take effect ab initio and is not presently before the court on this motion to dismiss. Instead, the court must consider the defendant's motion to dismiss directed at the original complaint prior to entertaining any other pleading or motion.
Analysis of a procedural challenge to personal jurisdiction over a foreign corporation is a two-step process. Frazer v.McGowan, 198 Conn. 243, 246, 502 A.2d 905 (1986); see also UnitedStates Trust Co. v. Bohart, 197 Conn. 34, 38-39, 495 A.2d 1034
(1985); Lombard Brothers, Inc. v. General Asset Management Co.,190 Conn. 245, 250, 460 A.2d 481 (1983); Gaudio v. Gaudio,23 Conn. App. 287, 298-300, 580 A.2d 1212, cert. denied, 217 Conn. 803,584 A.2d 471 (1990); Hill v. W.R. Grace Co., 42 Conn. Sup. 25, 28, CT Page 7789598 A.2d 1107 (1991, Licari, J.). The court must first inquire whether, under the facts of the case, the state's long-arm statute may be asserted as a basis for jurisdiction over the defendant.Frazer v. McGowan, supra, 198 Conn. 246; Lombard Brothers, Inc. v.General Asset Management Co., supra, 190 Conn. 250. Once jurisdiction has attached under the long-arm statute, the court must then determine whether the exercise of jurisdiction satisfies the federal constitutional requirements of due process. Frazer v.McGowan, supra, 198 Conn. 246.
The plaintiff cannot and does not assert that this court has jurisdiction by virtue of General Statutes Sec. 33-411 (b). That section provides that "[e]very foreign corporation which transacts business in this state in violation of section 33-395 or 33-396 shall be subject to suit in this state upon any cause of action arising out of such business." General Statutes Sec. 33-411 (b). This statute mandates "some showing that the present litigation bears some connection with the business conducted by the foreign corporation in this state." (Citations omitted.) Lombard Bros.,Inc. v. General Asset Management Co., supra, 190 Conn. 252. In this action, the plaintiff has not alleged, nor does he claim, that the present cause of action bears any connection with business that the defendant conducted in this state. Thus, jurisdiction does not attach under Sec. 33-411 (b).
Under General Statutes Sec. 33-411 (c), a suit may be brought against a foreign corporation,
 "whether or not such foreign corporation is transacting or has transacted business in this state . . . on any cause of action arising as of follows: (1) Out of any contract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; or (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state . . . or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance." CT Page 7790
This subsection, as opposed to Sec. 33-411 (b), "confers jurisdiction over designated causes of action without regard to whether a foreign corporation transacts business in Connecticut and without regard to a causal connection between the plaintiff's cause of action and the defendant's presence in this state. [The language of Sec. 33-411 (c) requires] inquiry not only into the various elements of the plaintiff's cause of action but also into the totality of contacts which the defendant may have with the forum." Lombard Bros., Inc. v. General Asset Management Co., supra, 190 Conn. 253-54; Frazer v. McGowan, supra, 198 Conn. 248. "Under [Sec. 33-411 (c)], consistent with the constitutional demands of due process, it is the totality of the defendant's conduct and connection with the state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being baled into court here." (Citations and internal quotation marks omitted.) Frazer v. McGowan, supra,198 Conn. 249.
In this case, subparts (2) and (3) of subsection 33-411 (c) do not apply. There is no allegation or claim that this cause of action in any way concerns solicitation or the production, manufacture or distribution of goods in this state. Additionally, the plaintiff does not claim that subpart (1) applies to this action. Although, the plaintiff's claim appears to be partially based on an employment contract, there is no allegation, claim or evidence to show that the contract was made or was to be performed in this state.
The only evidence presented on this motion was by the defendant who submitted the affidavit of its president, Sybil Strum, stating that the defendant: (1) is a New York corporation that does not produce any products in Connecticut; (2) does not advertise in Connecticut; (3) does not have a Connecticut telephone number; (4) does not have a business location in Connecticut; (5) does not have a warehouse or inventory in Connecticut (6) does not have any employees in Connecticut; (7) is not affiliated with any Connecticut corporations; (8) does not have any bank accounts in Connecticut; and (9) has not initiated any collection matters in a Connecticut court. The plaintiff did not present any evidence or request any evidentiary hearing.
The plaintiff relies on the allegations of the amended complaint to argue that this defendant falls within Sec. 33-411 (c)(4) because of its tortious conduct in Connecticut. As CT Page 7791 discussed earlier, however, the court cannot consider the amended complaint on this motion. The original complaint does not allege any tortious conduct in this state and the plaintiff did not present any evidence to support its contention. The only connection with this state alleged in that complaint is the fact that the plaintiff is a Connecticut resident. This fact alone is not sufficient to maintain jurisdiction over a foreign corporation under Sec. 33-411 (c). The plaintiff, therefore, has failed to sustain its burden of proof that this cause of action falls within the Connecticut long-arm statute.
Even if the court were to consider the allegations of the amended complaint, this action would not fall within the purview of the long-arm statute, and more specifically Sec. 33-411 (c)(4). The amended complaint alleges that the defendant telephoned the plaintiff in Connecticut and wrongfully terminated his employment. The plaintiff argues that since he was in Connecticut when he was informed by telephone of his termination, the defendant committed tortious conduct in this state. The court is not convinced that these facts constitute tortious conduct in Connecticut. While in certain circumstances communicating with an individual by telephone may constitute tortious conduct in this state; see David v. Weizman,677 F. Sup. 95 (D.Conn. 1988) (fraudulent misrepresentations communicated by telephone an mail from Florida to Connecticut constitute tortious conduct under Sec. 33-411 (c) (4)); this cause of action is not one of those instances. The plaintiff was employed in New York by a New York corporation, and, thus, any wrongful termination of that employment would occur in that state. The fact that the plaintiff was in Connecticut when he was informed of the termination is merely fortuitous. The only allegations in the plaintiff's amended complaint that demonstrate any relationship to Connecticut are that the plaintiff is a Connecticut resident and was in Connecticut when the defendant informed him that his employment was terminated. These facts alone are insufficient to subject a foreign corporation to jurisdiction in a Connecticut court under this state's long-arm statute.
The plaintiff has failed to sustain his burden of showing that this court has jurisdiction over the defendant under the long-arm statute. The defendant's motion to dismiss, therefore, is granted.
PICKETT, J. CT Page 7792