[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' WHETHER THE HOUSING DIVISION SHOULDHEAR CLAIMS FOR LIFE USE AND MONEY DAMAGES IN A SUMMARY PROCESS CASE
Plaintiff Peter Ordway has filed a summary process complaint against defendant Emily St. John Collins in which he alleges that although he notified her that his permission for her continued occupancy of premises at 285 Oak Drive in Watertown, Connecticut has expired, she has refused to vacate the premises. The plaintiff also alleges that the defendant never had and does not now have a lease or rental agreement which accords to her a right to continue her occupancy there.
Defendant Emily St. John Collins has filed an answer and a counterclaim. In her counterclaim, the defendant alleges essentially that the plaintiff communicated with her in Ireland and represented that he would provide her with housing, maintenance and support in the United States.
The defendant claims that as a result of the plaintiff's representations she removed herself from Ireland to the subject premises in the United States as a permanent change of residence. In her counterclaim, she requests the following: money damages; a declaratory judgment directing that she has a life use in the CT Page 4397 premises; that plaintiff be ordered to pay a reasonable amount of money for her maintenance; attorney fees; and any other relief as in equity may appertain.
The plaintiff has filed a motion to strike the counterclaim on the ground that the relief sought is inappropriate in a summary process action. The defendant has filed a memorandum in opposition to plaintiff's motion to strike.
Thus, it is appropriate for the court to address its authority to entertain summary process actions which involve counterclaims.
Summary Process is among the "housing matters" allocated to the housing division of the Superior Court. Connecticut General Statute sec. 47a-70(a) provides that "[a]ll proceedings involving a housing matter . . . [in certain judicial districts, including New Haven] shall first be placed on the housing docket." Furthermore, the Connecticut Supreme Court has approved the proposition that even if the complaint failed to allege a housing matter, the judge in the Superior Court Housing Division does not lose his general authority to hear any cause of action pending in that court. Savage v. Aronson, 214 Conn. 256, 263 (1990). While the definitions of the terms "landlord" and "tenant" are set out in General Statutes § 47a-1, section 47a-23 of the General Statutes does not restrict summary process actions to situations wherein the parties stand only in the relationship of lessor and lessee. Furthermore, sec. 47a-68(h), defines housing matters as including "[A]ll actions for . . . . relief arising out of the parties relationship as landlord and tenant or owner and occupant."
The purpose of summary process proceedings is to permit the landlord or owner to "recover possession of the premises upon termination of possession without experiencing the delay, loss, and expense to which he might be subjected under a common law cause of action." Prevedini v. Mobil Oil Corp., 164 Conn. 287,292, (1973). Although earlier cases held that summary process is restricted to certain limited issues; Atlantic Refining Co. v.O'Keefe, 131 Conn. 528, 530 (1945); the Supreme Court in Fellowsv. Martin, 217 Conn. 57 (1991) ruled in significant part that
 . . . equitable defenses and counterclaims implicating the right to possession are available in a summary process proceeding. CT Page 4398
 Id. at 62. (Emphasis added.)
Obviously, any such counterclaim must arise out of the same transaction which is the subject of the plaintiff's complaint. The "transaction test" serves ". . . judicial economy, avoidance of multiplicity of litigation and avoidance of piecemeal disposition of what is essentially one action. Town ofWallingford v. Glenn Valley Assoc. Inc., 190 Conn. 158, 161
(1983).
In Fellows v. Martin, supra, the plaintiff sought by way of summary process to obtain possession of real property leased to the defendant for a term of 99 years. The summary process action was based upon non-payment of rent. The trial court found that the monthly rent was $500.01; that the tenant made considerable payments; but that she withheld $25.00 from her rent check in one month because of a dispute over parking accommodations. The trial court further found against the tenant on her position that equitable considerations — including the equitable doctrine against forfeitures — asserted in her counterclaim constituted a bar to the eviction proceeding. The defendant's counterclaim included a demand for monetary damages. The trial court dismissed the counterclaim and entered judgment of possession for the plaintiff based upon non-payment of the disputed amount.
The Supreme Court found that the trial court should have granted relief from forfeiture, and reversed the judgment of possession. However, the Supreme Court affirmed
 . . . the dismissal of the counterclaim to the extent that it claimed damages, because its prayers for monetary relief did not implicate the right to possession.
 id. at 70.
Applying the foregoing principles of Fellows v. Martin,supra, to the instant case, the court finds that the defendant's counterclaim in which she seeks, inter alia, a life use of the premises, surely implicates the right to possession; and further finds that the counterclaim meets the requirements of the "transactional test" in that her claim for life-use possession arises from the same transaction which is the subject of the CT Page 4399 plaintiff's complaint.
The court also finds that that part of the counterclaim which requests damages in the nature of monetary relief, including counsel fees, is inappropriate inasmuch as it does not implicate the right to possession.
Accordingly, the court strikes only so much of the counterclaim as seeks monetary relief in the form of damages and counsel fees. The balance of the counterclaim shall remain for adjudication.
Clarance J. Jones, Judge