[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process action brought by a complaint dated January 30, 1997. In the complaint, plaintiff alleges that on or about May 1, 1995, it entered into a written lease with the defendant for one year for an apartment at 35 Union Street, New London, Connecticut. The agreed monthly rent was $385 payable on the first day of each month. The complaint further alleges that defendant took possession of the premises and is still in possession thereof. It is further alleged that defendant failed to pay the rent due under the lease for the month of January, 1997. On January 6, 1997, the complaint alleges that a notice to quit possession was served on the defendant to vacate the premises on or before January 24, 1997, and that although the time limited for defendant to quit possession of the premises has passed, she remains in possession.
On February 4, 1997, petitioner filed an answer with the court using JD-HM-5 form. In this answer, defendant agreed to all allegations of the complaint. No special defense was checked on the form but under the heading "Additional Information," defendant inserted the following. CT Page 5620
 "Employed by Indela Holdings, May, 1995, as apt rental person for the Crocker House, 35 Union St., New London, Conn. 06320. My monthly rent was $385.00 which was sub from my monthly salary paid to me by Simone 
Indela Holdings. Upon leaving this office job and rental position, I had monies due to me. I did bring notice to my employer of monies due. Monies were not repaid. I withheld my rent to balance any monies due."
The purpose of summary process, as authorized by the general statutes, is to permit a landlord to recover possession of its premises upon the termination of a lease without suffering the delay, loss and expense to which a landlord may be subject under a common law action. The process is intended to be summary and is designed to provide an expeditious remedy to the landlord seeking possession. Prevedini v. Mobil Oil Corporation, 164 Conn. 287,292 (1973).
The evidence confirms the truth of the allegations of the complaint which have not been denied by the defendant. Under the circumstances of this case, it is appropriate to consider the "additional information" as a special defense pleading filed by a defendant then appearing pro se. Defendant claims, and the evidence supports, such claim that she entered into an employment agreement with the plaintiff corporation in May, 1995. Her duties under such employment involved the processing of new tenants renting apartments within the building in which she resided. She also handled maintenance problems and appears to have advanced funds in connection with maintenance supplies. Defendant testified that plaintiff owes her between $2,000 and $2,500 for such services. Her employment was terminated in February, 1996.
The principal issue in the case is defendant's claim that there was an oral modification of the lease. Under the terms of this modification, defendant's monthly rent would be reduced by any amounts owed to her by plaintiff. Plaintiff has denied that there was any modification of the lease.
Plaintiff points out the paragraph in the lease which reads as follows: "Any changes to the lease must be made in writing and, at our request, you will sign a notice of the changes." It is undisputed that the lease was never modified in writing. CT Page 5621
While it would be possible for plaintiff to waive the written modification term of the lease and incorporate defendant's employment as a part of the lease, there is nothing to indicate that plaintiff ever intended that this be done. Certainly, it was not in writing.
It must then be concluded that the allegations of the "Additional Information" and the evidence in support of such allegations fail to establish a valid defense to the summary process claim.
Accordingly, the allegations of the complaint having been proven, judgment is rendered for plaintiff.
Purtill, J.