[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION FOR INTERLOCUTORY JUDGMENT OF INTERPLEADER, AND OBJECTION THERETO
Plaintiff Stamford Wrecking Company has brought this action for the purpose of obtaining a judicial declaration as to which parties have a legitimate claim to part or all of the sum of $ 80,000, now in its possession. The controversy stems from work and materials used in the demolition of a structure in downtown New Haven.
CT Page 11884 According to the complaint, the plaintiff in July of 1997 entered into a contract (hereafter principal contract) with the City of New Haven for the demolition, remediation and site reconstruction of the former Edward Malley Building. In August of 1997 the plaintiff by written agreement subcontracted part of its contract to A.A.I.S./PETCO, LLC (hereafter Petco). The subcontracted work included interior demolition, asbestos abatement, as well as the removal and disposal of drums of hazardous materials. Petco then subcontracted part of its work to Abatement Technologies, Inc. and Bruce Black, doing business as Abcon. Abatement Technologies and Abcon subcontracted the part its work calling for the removal and storage of asbestos to Northeast Waste Systems, Inc. Thereafter Northeast Waste Systems, Inc. subcontracted part of its work to Automated Salvage Transport. The plaintiff has named all of these subcontractors as defendants in this lawsuit.
In its complaint the plaintiff alleges that the project was completed in 1997, that it holds a retainage of $ 80,000 under its subcontract with Petco, that Northeast Waste Systems, Inc and Automated Salvage Transport, Inc. claim a balance due on their subcontracts for the project, and that the parties are unable to agree as to which is entitled to the retainage. In its Objection to plaintiffs Motion for Interlocutory Judgment of Interpleader defendant Petco argues 1) that the plaintiff is holding approximately $178,000 — not just $80,000 — to which it alone is entitled; 2) that an interlocutory judgment of interpleader is not the appropriate cause of action for resolving this controversy; and 3) that defendants Northeast Waste Systems, Inc. and Automated Salvage Transport Inc. have no legitimate claim to the funds in plaintiffs possession. The last argument is predicated upon Petco's position that Northeast Waste Systems, Inc and Automated Salvage Transport Inc. have no contractual relationship with the plaintiff, and that as lower than secondtier subcontractors the Connecticut Little Miller Act would disallow their claim to a labor and materials bond which the plaintiff posted with the City of New Haven to ensure performance of its principal contract. See American Masons' Supply Co. v.F.W. Brown Co., 174 Conn. 219, 226 (1978).
By Counterclaim in its Answer defendant Petco alleges that the plaintiff seeks to recover from the plaintiff the sum of $178,832.99 as the outstanding balance due on its contract. At oral argument on defendant Petco's objection the plaintiff through counsel stated that it does not assert that its liability to Petco is limited to $ 80,000, but that since third tier CT Page 11885 contractors Northeast Waste Systems and Automated Salvage Transport have made a claim for payment, the court should decide which party(ies) should be paid from this first sum of $80,000.00. The plaintiff argues that it does not wish to pay out this amount twice.
Defendant Petco cites the case of Town of Guilford v.Cristini, 45 Conn. Sup. 235 (1997) for the proposition that an interlocutory judgment of interpleader is not the appropriate remedy in a situation, such as this one, where 1) the claim is against a party, 2) the claim is not against a limited specific sum of money, and 3) the liability is unlimited. This court agrees.
It is clear from the pleadings and the oral argument on this matter that the plaintiff is not a mere stakeholder, but a contract debtor of defendant Petco, and that Petco wishes to litigate its entitlement to $178,832.99 as the contractual balance due. It also is clear that the object of this controversy is not the $80,000 sum proffered to the court, but the claimed liability of the plaintiff to its contract debtor, and its liability, if any, to two less than second-tier subcontractors.
This court is of the opinion that this case fits the following quotation from Judge Blue's decision in Guilford v. Cristini:
 Under these circumstances, this case cannot be described as one of `multiple vexation directed against a single fund.' (Internal quotation marks omitted.) Indianapolis Colts v. Mayor of Baltimore, . . . 733 F.2d 486; see Kerite Co. v. Alpha Employment Agency, Inc., 166 Conn. 432, 437-38, 352 A.2d 288 (1974). Id at 241.
For the foregoing reasons the Motion for Interlocutory Judgment of Interpleader is denied.
Clarance J. Jones, Judge