STATE OF CONNECTICUT *v.* LORNE ACQUIN

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued March 14—decision released April 17, 1979

*John R. Williams,* for the appellant (defendant).

*Walter H. Scanlon,* chief assistant state's attorney, with whom was *Francis M. McDonald,* state's attorney, for the appellee (state).

PER CURIAM. The defendant has appealed from an order of the trial court made pursuant to Practice Book, 1963, §§ 2187 and 2189 (9) directing that he allow a specimen of blood to be taken from his body.

The relevant facts involved in this appeal are undisputed. On July 23, 1977, the court, *O'Brien, J.,* upon a finding of probable cause, ordered the issuance of a bench warrant for the defendant's arrest in connection with several murders. Pursuant thereto, the defendant was arrested on July 24, 1977, and he was arraigned the following day. On August 1, 1977, the state filed a motion requesting that the court order the defendant to allow the taking of a specimen of his blood. That motion was denied without prejudice on August 3, 1977. On September 7, 1977, he was indicted by a grand jury and charged with nine counts of murder. There-

after, on September 15, 1977, the state renewed its motion requesting an order for the taking of the defendant's blood which, after a hearing, was granted by the court. That order, the implementation of which was stayed pending the present appeal, constitutes the basis of the defendant's claims of error.

The defendant contends that the court erred in ordering the blood withdrawal since no evidence was presented establishing probable cause to believe: (1) that the defendant committed the crimes with which he is charged; and (2) that the evidence sought from the defendant is relevant to his guilt or innocence.[1]

Practice Book, 1963, § 2187 provides that, pursuant to a motion by the prosecuting authority, the court may order "a defendant to participate in a reasonably conducted procedure to obtain nontestimonial evidence . . . if the judicial authority finds probable cause to believe that: (1) The evidence sought may be of material aid in determining whether the defendant committed the offense charged; and (2) The evidence sought cannot practicably be obtained from other sources." Section 2189 (9) of the 1963 Practice Book specifically allows for the taking of specimens of blood "if the taking does not involve an unreasonable intrusion of the body or an unreasonable affront to the dignity of the individual."[2]

---

[1] A review of the appendix to the defendant's brief indicates that these claims of law were fully raised in the court below and thus may be reviewed by this court notwithstanding the trial court's failure to include both of them in its finding.

[2] In his brief to this court, the defendant has implicitly abandoned his claims that the trial court erred in concluding that there was probable cause to believe that the evidence sought cannot practicably

Section 2187 is taken, verbatim, from rule 434 (a) of the Uniform Rules of Criminal Procedure. As the commentary to that rule points out, "[t]he subject's very status as a defendant is based upon a determination that there is probable cause to believe he committed the offense in question. The primary issue therefore is only whether relevant evidence may be obtained from him, and this requirement is readily met if the prosecutor has any basis for tying the particular evidence sought to the case." Id., p. 156.

The taking of a blood sample constitutes a search and seizure within the meaning of the fourth amendment to the federal constitution. *Schmerber* v. *California,* 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908. The concern expressed in *Schmerber* over the reasonableness of the intrusion into the body of a defendant, however, is vindicated by the requirements set forth in § 2187 of our rules of practice which apply in situations such as the present where a "neutral and detached magistrate" has already made a determination that there is probable cause to believe the individual committed the offense in question.

"[T]he mere fact that one is charged with a crime [, however,] does not give cause to search and seize anything he owns or has used." *State* v. *Darwin,* 161 Conn. 413, 418, 288 A.2d 422. In the present case, therefore, the court was required to determine, inter alia, whether probable cause existed to believe that the blood specimen "may be of material aid in determining whether the defendant committed the

be obtained from other sources, and in concluding that the procedures employed for the taking of blood are not an unreasonable intrusion of the body or an unreasonable affront to the dignity of the defendant.

offense charged." Practice Book, 1963, § 2187 (1). The court had before it the following relevant facts: that a tire iron or lug wrench was found at the murder scene and that there was a "reddish type substance" on the wrench and that hair and fibers adhered to the "sticky substance"; that a steak knife with a bent blade was found at the scene of the crimes and that a "substance" which was adhering to the left side of the knife was reddish in color; that such "reddish substance" could have been blood; and that the police took into custody other items found at the scene which "appeared to be blood." From those facts, the court concluded that there was probable cause to believe that the evidence sought may be of material aid in determining whether the defendant committed the offenses charged.

In the absence of facts establishing, at the very least, that the "substance" found on the alleged murder weapons was in fact blood, we cannot agree that the court had sufficient facts before it to make the probable cause determination required by § 2187 (1). "The interests in human dignity and privacy which the Fourth Amendment protects forbid any such intrusions on the mere chance that desired evidence might be obtained." *Schmerber* v. *California,* supra, 769–70. The "nexus" required between the items to be seized and the criminal behavior was clearly not established under the facts presented here. See *Warden* v. *Hayden,* 387 U.S. 294, 307, 87 S. Ct. 1642, 18 L. Ed. 2d 782.

There is error, the trial court's order directing the defendant to allow a specimen of blood to be taken from his body is set aside and the case is remanded for further proceedings not inconsistent with this opinion.