STATE OF CONNECTICUT *v.* RONALD P. GRILLO
(8341)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued April 6—decision released August 28, 1990

*John T. P. Carey,* for the appellant (defendant).

*Peter McShane,* deputy assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* for the appellee (state).

FOTI, J. The defendant appeals from the judgment of conviction of the crime of possession of a narcotic substance in violation of General Statutes § 21a-279 (a).

Following the court's denial of his motion to suppress all of the evidence seized, and his motions to open and reargue the motion to suppress, the defendant entered a conditional plea of nolo contendere pursuant to General Statutes § 54-94a and Practice Book § 4003.[1] The defendant challenges the trial court's denial of his motion to suppress on two grounds: (1) the arresting officers did not have a plain view justification for the search; and (2) they violated his due process rights under the constitutions of both the United States and Connecticut by failing to preserve potentially exculpatory evidence.[2]

At the suppression hearing, the trial court made the following findings of fact. On September 16, 1988, at approximately 2 p.m., Officer Robert Veach, the resident trooper for the East Lyme state police barracks, stopped a red Toyota pickup truck driven by the defendant on Route 161 in East Lyme. The defendant's vehicle was pulled over because Veach observed that the registration tag on the truck had expired.[3] A routine motor vehicle check revealed that the defendant's

---

[1] General Statutes § 54-94a provides in pertinent part: "When a defendant . . . enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure . . . the defendant after the imposition of sentence may file an appeal within the time prescribed by law."

Practice Book § 4003 provides in pertinent part: "(a) When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss."

[2] The defendant specifically claims a violation of § 1 of the fourteenth amendment to the United States constitution, and article first, § 8, of the Connecticut constitution.

[3] The defendant does not contest the trial court's finding that the initial stop of his motor vehicle was done with probable cause.

license was under suspension. Veach also determined that the pickup truck was being operated without the required insurance. Officer Thomas Smith of the East Lyme police department was also present at the scene of the arrest. The defendant was asked to step out of the vehicle and was placed under arrest for operating a motor vehicle without the required insurance, operating an unregistered motor vehicle, and operating with a suspended license in violation of General Statutes §§ 14-213 (b), 14-12 (a) and 14-215, respectively. Upon placing Grillo under arrest, Veach and Smith observed a transparent garbage bag containing a torch and a box of baking soda in the open bed of the truck. After picking up a corner of the bag, but before opening it fully, Veach also observed an electronic scale, a large glass pipe, and a container of rubbing alcohol. Upon seizing the bag, Veach found it also contained a pad of approximately 200 small square pieces of white paper, small screens, and a quantity of white powder later determined to be cocaine. The officers discarded the bag after the seizure because it was "slimy" or "sticky."

The defendant maintains that the evidence seized by Veach should have been suppressed by the trial court.[4] The defendant argues that the drugs and paraphernalia in the bed of his pickup truck were seized in violation of article first, § 7, of the Connecticut constitution, and the fourth amendment to the United States constitution, as it is applied to the state through the due process component of the fourteenth amendment. Because of these alleged constitutional violations, the

---

[4] Following the denial of his motion to suppress, the defendant moved to open his motion to suppress, and also filed a motion to reargue, citing the availability of a previously unavailable witness, who would be expected to testify as to the opaque character of the bag. These motions were denied, but the defendant makes no claims of abuse of discretion as part of this appeal.

defendant asserts that the evidence should have been suppressed by the trial court under the exclusionary rule. We do not agree.

At this point, it is helpful to set out the relevant constitutional doctrine. The fourth amendment to the United States constitution, and article first, § 7, of the Connecticut constitution,[5] do not prohibit all searches and seizures, but merely unreasonable ones. *Elkins* v. *United States,* 364 U.S. 206, 222, 80 S. Ct. 1437, 4 L. Ed. 2d 1669 (1960). The purpose of these constitutional protections is to shield citizens from unwarranted intrusion into their privacy. See *State* v. *Acquin,* 177 Conn. 352, 355, 416 A.2d 1209 (1979). The protection of privacy is the paramount purpose of the fourth amendment; *State* v. *Williams,* 170 Conn. 618, 624–25, 368 A.2d 140, cert. denied, 429 U.S. 865, 97 S. Ct. 174, 50 L. Ed. 2d 145 (1976); so there can be no fourth amendment protection if there is no legitimate expectation of privacy. *Couch* v. *United States,* 409 U.S. 322, 336, 93 S. Ct. 611, 34 L. Ed. 2d 548 (1973); *State* v. *Moscone,* 171 Conn. 500, 511, 370 A.2d 1030 (1976).

There is a constitutional difference between searches and seizures of houses and similar structures and searches of vehicles, stemming from either the mobility of an automobile, or the fact that an officer's extensive and often noncriminal contact with automobiles brings him in open view[6] of evidence, contraband or

---

[5] Article first, § 7, of the Connecticut constitution and the fourth amendment to the United States constitution use the same words and are read to mean the same thing. *State* v. *Mariano,* 152 Conn. 85, 95, 203 A.2d 305 (1964), cert. denied, 380 U.S. 943, 85 S. Ct. 1025, 13 L. Ed. 2d 962 (1965); *Hing Wan Wong* v. *Liquor Control Commission,* 160 Conn. 1, 5–6, 273 A.2d 709 (1970), cert. denied, 401 U.S. 938, 91 S. Ct. 931, 28 L. Ed. 2d 218 (1971); *Ajello* v. *Hartford Federal Savings & Loan Assn.,* 32 Conn. Sup. 198, 206–208, 347 A.2d 113 (1975).

[6] We note that the parties incorrectly relied upon cases in which evidence seized in the course of a search was admissible at trial pursuant to the *plain view* doctrine. Because there was no search in the present case, the plain

the fruits or instrumentalities of a crime. *State* v. *Tully,* 166 Conn. 126, 134, 348 A.2d 603 (1974). The expectation of privacy in the exterior of a vehicle is held to be minimal because a car travels public thoroughfares and has little capacity to avoid public scrutiny. *Cardwell* v. *Lewis,* 417 U.S. 583, 589–90, 94 S. Ct. 2464, 41 L. Ed. 2d 325 (1974); *State* v. *Williams,* supra, 625.

It is also well accepted that a police officer is not required to perform his routine duties with his eyes closed. *State* v. *Tully,* supra, 132. This assumption has been used in conjunction with the recognized lesser expectation of privacy in a motor vehicle. Id., 133. The resulting line of cases holds that objects in open view of a police officer, who sees them from a lawful vantage point, may be seized without a warrant. *State* v. *Chetcuti,* 173 Conn. 165, 377 A.2d 263 (1977); see also *State* v. *Krause,* 163 Conn. 76, 301 A.2d 234 (1972).

In the present case, the defendant had drugs and paraphernalia stored in a clear plastic bag in the open bed of a pickup truck. The contents were visible to public scrutiny as the vehicle was operated on public thoroughfares. The defendant's expectation of privacy is comparable to that of the defendant in *State* v. *Williams,* supra, where a search of a vehicle's exterior was not constitutionally offensive. The only difference in the expectation of privacy between the open bed of a pickup truck and the exterior of a car, is the fact that the truck bed is partially enclosed by the sides of the truck. The defendant's truck bed, however, does not warrant a higher degree of privacy than does a trunk that has been voluntarily opened by a motorist. See *State* v. *Smith,* 157 Conn. 351, 355, 254 A.2d 447 (1969) (not an unreasonable search for an officer to peer into

view doctrine does not enter into our analysis. See *State* v. *Federici,* 179 Conn. 46, 56 n.6, 425 A.2d 916 (1979); 1 W. LaFave, Search and Seizure § 2.2 (a) (distinguishing *plain view* and *open view* doctrines).

a car's open trunk where the car was in a public place, and the officer was there legally); see also *State* v. *Bryant,* 19 Conn. App. 626, 629, 563 A.2d 326, cert. denied, 212 Conn. 821, 565 A.2d 540 (1989) (no search when defendant voluntarily opened the trunk of his car revealing 484 vials of crack cocaine to an officer).

Veach observed the drugs and paraphernalia in the bed of the truck while arresting the defendant for motor vehicle offenses. There was no challenge to the propriety of the stop or arrest. Veach was standing on the side of a public highway when he viewed the drug paraphernalia through the clear bag. Veach's simple act of lifting the corner of the transparent bag, without opening it completely, or manipulating it further, is not sufficient to create a search. We conclude that there was no unreasonable search or seizure in this case.

The defendant next contends that the discarding of the bag after its seizure by the arresting officers deprived him of his due process rights.[7] We do not agree.

In considering whether an underlying prosecution should be dismissed because of lost or destroyed evidence, the trial court must look to numerous factors including (1) the reason for the unavailability of the evidence, (2) its materiality, (3) the likelihood of mistaken

---

[7] Although the defendant alleges that he was deprived of constitutional rights on the basis of the destruction, this claim is normally raised by a motion to dismiss. See, e.g., *State* v. *Gonzalez,* 206 Conn. 213, 537 A.2d 460 (1988); *State* v. *Leroux,* 18 Conn. App. 223, 557 A.2d 1271, cert. denied, 212 Conn. 809, 564 A.2d 1072 (1989). The defendant here raised this claim in his motion to suppress, but did not specify the destruction of the bag. We will review this claim, however, because of that motion's broad statement that he was claiming "on the grounds herein stated and *on such other grounds as [the defendant] may assert upon a full hearing* on the merits of this [m]otion." (Emphasis added.) The record shows that the defendant raised this during the hearing.

interpretation of it by witnesses or the jury, and (4) the prejudice to the defendant caused by its unavailability. *State* v. *Hamele,* 188 Conn. 372, 381, 449 A.2d 1020 (1982); *State* v. *Leroux,* 18 Conn. App. 223, 230–31, 557 A.2d 1271, cert. denied, 212 Conn. 809, 564 A.2d 1072 (1989).

In examining the motives behind the destruction of evidence our courts have considered such factors as whether the destruction was deliberate and intentional rather than negligent; *State* v. *Gonzalez,* 206 Conn. 213, 537 A.2d 460 (1988); or done in bad faith or with malice; *State* v. *McIver,* 201 Conn. 559, 518 A.2d 1368 (1986); or with reckless disregard; *State* v. *Tyson,* 23 Conn. App. 28, 40–41, 579 A.2d 1083 (1990); *State* v. *Williamson,* 14 Conn. App. 108, 552 A.2d 815 (1988), aff'd, 212 Conn. 6, 562 A.2d 470 (1989); or calculated "to hinder the defendant's defense, out of other animus or improper motive, or in reckless disregard of the defendant's rights." *State* v. *Leroux,* supra, 232. The court in this case found the destruction to be "inadvertent." Clearly, the discarding of the plastic bag was both deliberate and careless, perhaps even negligent, but it was done in good faith, and without disregard of the defendant's rights. The issue of motivation must be determined by the trier of fact. The determination of the credibility of the witness and the evidence presented is within the sole province of the trier of the facts. *Nor'easter Group, Inc.* v. *Colossale Concrete, Inc.,* 207 Conn. 468, 473, 542 A.2d 692 (1988).

The second factor we must consider is the materiality of the evidence. The bag was clearly relevant and important to the defense as to the degree of its transparency. This evidence was not, however, critical to the defense. Both officers were available to testify and were cross-examined as to the bag. The defendant was also free to present evidence to contradict the testimony of the officers as to the transparency of the bag.

With regard to the third factor, it is unlikely that the trier of the fact would be misled by the absence of the bag since the testimony of the witnesses would be sufficient to describe accurately the nature of the bag, leaving the issue of credibility entirely to the trier.

As to the fourth factor, we conclude that the prejudice to the defendant was minimized by the availability of the officers for extensive cross-examination. The defendant had the opportunity to impeach Veach as to why he had discarded the bag, and thereby to damage his credibility in the eyes of the trier of the fact. He also had the opportunity to request that an adverse inference be drawn against the state through an appropriate instruction from the court. The prejudice to the defendant was, therefore, not substantial. The defendant's right to a fair trial was not lost as he was allowed fully to develop and present the issue of the missing plastic bag at trial.

After weighing the four factors articulated by *Leroux,* we conclude that the defendant was not deprived of his due process rights by the discarding or destruction of the plastic bag. Although the bag would have been material, the availability of adequate trial safeguards to minimize the likelihood of mistaken interpretation of the destroyed evidence, plus the absence of a significant showing of prejudice, did not warrant the granting of the defendant's motion to suppress.

The judgment is affirmed.

In this opinion the other judges concurred.