[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION ON MOTION TO OBTAIN NON-TESTIMONIAL EVIDENCE
The State of Connecticut made the above entitled motion to have the court order defendant Lyndell Bethea to provide a specimen of saliva for testing to determine his secretive status. The determination of that status could be exculpatory for defendant if his does not match evidence seized from the victim by way of the Sex Crimes Kit. The State alleges that the evidence sought cannot be obtained from any other source. Defendant objects to the State's motion.
The court heard testimony from Ms. Mary Beth Raffin, a criminalist specializing in serology at the State Police Forensic Laboratory. Ms. Raffin testified that the advantage to the saliva specimen is that it can be obtained in a non-intrusive manner. However, in the instant case, the court had previously signed a search warrant for a blood sample for defendant, which warrant was executed and a blood sample obtained. Blood seized was to be sent to the FBI for DNA and other testing.
The court must determine whether there is probable cause to believe that the saliva sample may be of material aid in determining whether defendant committed the offense charged and that the evidence sought cannot practically be obtained from other sources. State v. Acquino, 177 Conn. 352, 353 (1979) P.B. Sec. 776.
Since the blood sample has already been obtained, it appears to the court that the saliva sample would be superfluous. Therefore, State's motion is denied.
/s/ Kulawiz, J. KULAWIZ