# LEONARD PRZEKOPSKI, JR. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF COLCHESTER
## (AC 29776)
## (AC 29866)

Robinson, Alvord and Schaller, Js.

Argued December 6, 2010—officially released September 6, 2011

*Ronald F. Ochsner,* for the appellant (plaintiff).

*Beth Bryan Critton,* with whom was, *David F. Sherwood,* for the appellees (defendants).

*Opinion*

ROBINSON, J. The plaintiff, Leonard Przekopski, Jr., appeals from the judgment of the trial court granting a motion for contempt filed by the defendant zoning board of appeals of the town of Colchester,[1] for his alleged violation of a stipulated judgment. The plaintiff also appeals from the judgment of the court tendered after the defendant's motion for judgment in which the court concluded that he violated a court order. On appeal, the plaintiff claims that the court improperly (1) granted the motion for contempt and (2) found that he had violated a court order. We affirm the judgments of the trial court.

The record reveals the following relevant facts and procedural history. The plaintiff and his wife, Karen Przekopski, are the owners of a parcel of real property located at 257 Westchester Road in Colchester (property).[2] On or about May 4, 2006, the Colchester zoning

---

[1] According to the record, on December 22, 2006, Colchester Concerned Citizens, Inc. (Concerned Citizens), filed a notice of intervention with the court, pursuant to General Statutes § 22a-19. Concerned Citizens thereafter intervened in the action as a defendant. We refer in this opinion to the zoning board of appeals of the town of Colchester as the defendant.

[2] The plaintiff and his wife also own a second parcel of real property located at 36 Pine Road in Colchester, which is contiguous to the property at issue in the present appeal. The property located on Pine Road is used for the same industrial activities, and that property is the subject of our decision in *Przekopski* v. *Zoning Board of Appeals,* 131 Conn. App. 178, 26 A.3d 657 (2011).

enforcement officer issued a cease and desist order to the plaintiff directing him to cease and desist "any and all excavation, recycling activities, and bulk storage of manure" on the property until a zoning permit for such activities had been obtained. In response, on June 1, 2006, the plaintiff appealed the issuance of the cease and desist order to the defendant, which voted to uphold the order on August 15, 2006.

The plaintiff appealed from that decision to the Superior Court, claiming that the defendant had improperly sustained the cease and desist order. On March 7, 2007, the parties entered into a stipulation regarding the property (stipulation). Pursuant to the stipulation, they agreed that judgment would be rendered in favor of the defendant on the plaintiff's appeal. The stipulation further provided that the plaintiff was required to file an application for a special exception from the zoning regulations for the excavation of sand and gravel, and an application for a variance from the zoning regulations for the processing and recycling of earth materials. According to the stipulation, the plaintiff was permitted to continue, but not to intensify, his current activities on the property "until the earlier of August 21, 2007, or April 23, 2007, if the applications provided for . . . [in the stipulation were] not submitted."

The plaintiff and his wife submitted a special exception application (application) to the planning and zoning commission of the town of Colchester (commission).[3] On November 28, 2007, the commission denied the application on the ground that it did not meet the standards for a special exception. Thereafter, the plaintiff continued to conduct excavation and recycling activities on the property.

---

[3] The application requested a special exception from the zoning regulations to conduct an excavation operation and to process and to recycle earth materials.

On February 25, 2008, the defendant filed a motion for contempt. The court held a hearing on the motion, and, after hearing arguments from counsel, it found "the plaintiff to be in contempt of the [stipulated] agreement [and] the court's . . . prior order, for the plaintiff's failure to cease all unpermitted activities on the . . . property . . . in accordance with the stipulation judgment of this court." Thereafter, the court ordered "the plaintiff, or anyone working on the plaintiff's behalf, [to] cease all nonpermitted excavation earth material[s], recycling and processing and any other nonpermitted activities on the . . . property." The order provided that "[i]f the plaintiff [did] not cease such operations [by March 17, 2008], a fine of $1000 . . . per day [would] be ordered . . . ."[4]

On April 8, 2008, the defendant filed a motion for judgment, requesting, inter alia, that the court render judgment in its favor on the basis of the plaintiff's continuing violations of the court's order. After conducting a hearing on the defendant's motion, the court issued an order that provided that "[j]udgment shall enter in the amount of $28,000, which represents [twenty-eight] days of violation of the court's order." It further provided that "[t]he fine for violation of the court's order will remain at $1000 per day." This appeal followed.

The plaintiff claims that the court improperly (1) granted the defendant's motion for contempt and (2) determined that he violated the order directing him to cease nonpermitted activities on the property. In the related case of *Przekopski* v. *Zoning Board of Appeals*, 131 Conn. App. 178, 26 A.3d 657 (2011), we addressed the same claims raised by the plaintiff in the present

---

[4] By order dated March 19, 2008, the court extended the date by which the plaintiff had to cease the operations proscribed in the February 27, 2008 order to March 26, 2008. It provided that the fine of $1000 per day would be "retroactive beginning March 19, 2008," if such operations did not cease.

appeal with respect to a different parcel of real property. We adopt the reasoning and conclusions of that opinion herein.

The judgments are affirmed.

In this opinion the other judges concurred.