STATE OF CONNECTICUT *v.* ROOSEVELT DRAKES
(AC 33327)
(AC 34570)

Lavine, Robinson and Bear, Js.

Argued February 15—officially released June 25, 2013

512

*Lauren Weisfeld,* senior assistant public defender, for the appellant (defendant).

*Michael A. Gailor,* executive assistant state's attorney, with whom, on the brief, was *Gail P. Hardy,* state's attorney, for the appellee (state).

*Opinion*

LAVINE, J. The principal questions in these consolidated appeals are (1) whether the trial court properly granted the state permission to use reasonable physical force to obtain a DNA sample from a felon in the custody of the commissioner of correction (commissioner) pursuant to General Statutes (Rev. to 2003) § 54-102g (a), as amended by Public Acts 2003, No. 03-242, § 1 (a) (P.A. 03-242),[1] and Public Acts 2011, No. 11-144, § 1 (i), and (2) whether the statute as applied to a person convicted of a felony in 2005 violates the due process, ex post facto and double jeopardy provisions of the federal constitution. We answer the first question in the affirmative and the second in the negative.

In AC 33327, the defendant, Roosevelt Drakes, appeals from the judgment of the trial court, rendered when it granted the state's motion to use reasonable physical force to obtain a DNA sample (motion to use

[1] General Statutes (Rev. to 2003) § 54-102g (a), as amended by P.A. 03-242, § 1 (a), provides in relevant part: "Any person who is convicted of a . . . felony, and is sentenced to the custody of the Commissioner of Correction shall, prior to release from custody and at such time as the commissioner may specify, submit to the taking of a blood or other biological sample for DNA (deoxyribonucleic acid) analysis to determine identification characteristics specific to the person." See also Public Acts 2011, No. 11-144, § 1 (i).

reasonable force) from him.[2] In AC 34570, the defendant appeals from the judgment of conviction in 2010, rendered after a jury trial, of refusing to provide a blood or other biological sample for DNA analysis (DNA sample) in violation of General Statutes (Rev. to 2009) § 54-102g (g). We affirm the judgments of the trial courts.

The following facts and procedural history are relevant to our decisions. The defendant was accused of committing murder on May 2, 2003. On April 18, 2005, he pleaded guilty to murder in violation of General Statutes § 53a-54a and criminal possession of a firearm in violation of General Statutes § 53a-217. The court, *Miano, J.*, sentenced the defendant to thirty years in prison. At the time he was sentenced, the defendant was advised that, because he was a convicted felon, he was required to submit a DNA sample for inclusion in the state DNA data bank.

On December 3, 2009, the defendant was in the custody of the commissioner, who directed him to submit to the taking of a DNA sample. A department of correction (department) employee again directed the defendant to submit a DNA sample on December 28, 2009. On that date, the department employee advised the defendant that a refusal to submit to the taking of a DNA sample was a criminal offense. Despite the advisement, the defendant refused to submit to the taking of a DNA sample. On March 17, 2010, a department employee once more directed the defendant to provide a DNA sample for inclusion in the state data bank. The

---

[2] The state's motion to use reasonable force to obtain a DNA sample from the defendant was filed in the defendant's underlying criminal case in which the defendant had commenced serving his sentences. After the court, *Mullarkey, J.*, granted the motion, there was nothing further for the court to do, and the court's order did not affect the defendant's sentence. We therefore conclude that the appeal has been taken from a final judgment. Compare *State* v. *Grotton*, 180 Conn. 290, 429 A.2d 871 (1980) (*pretrial discovery order* for blood, urine or saliva testing to determine whether defendant was drug-dependent not final judgment).

defendant again refused to comply with the directive and refused to sign the advisement form.

On May 19, 2010, the state filed a motion for permission to use reasonable physical force to obtain a DNA sample from the defendant. On August 12, 2010, the defendant filed a memorandum of law opposing the motion to use reasonable physical force, arguing that prosecution pursuant to § 54-102g (g)[3] is the only remedy available when a felon in the commissioner's custody refuses to submit a DNA sample. Moreover, the defendant argued that, although the statute had been amended several times, the legislature had never authorized the use of force to obtain a DNA sample. The defendant appeared before the court, *Mullarkey, J.*, to argue in opposition to the motion to use reasonable physical force. In a consolidated memorandum of decision issued on February 8, 2011,[4] the court granted the state's motion to use reasonable physical force to obtain a DNA sample from the defendant, but stayed its order to permit the defendant to take an appeal. The defendant's appeal from that judgment is AC 33327.

On June 9, 2010, the defendant was arrested for refusing to submit a DNA sample pursuant to § 54-102g. On December 20, 2010, the state filed an information charging the defendant with refusing to submit to the taking of a DNA sample in violation of § 54-102g (a). The information further alleged that the defendant was convicted of murder on April 20, 2005, and that he was in the custody of the commissioner. The defendant filed a motion to dismiss the charge claiming that the charges violated his state and federal constitutional guarantees against double jeopardy. The defendant argued that

---

[3] Now § 54-102g (i).

[4] At the time of the oral argument, the court also heard arguments regarding a similar motion to use reasonable physical force to obtain a DNA sample from Mark Banks. See the opinion released today in the companion case of *State* v. *Banks*, 143 Conn. App. 485, 71 A.3d 582 (2013).

prosecuting him for failing to submit a DNA sample imposed a second punishment for the murder of which he had been convicted. The court, *Dewey, J.*, denied the defendant's motion to dismiss the charge.

On January 10, 2011, the defendant was tried to a jury that found him guilty of one count of refusing to submit a DNA sample. Judge Dewey sentenced him to one year in prison consecutive to the sentence he was then serving. The defendant's appeal from the judgment of conviction is AC 34570.

In each of the defendant's appeals, he has raised claims that are questions of law to which an appellate court gives plenary review. See *State* v. *Alexander*, 269 Conn. 107, 112, 847 A.2d 970 (2004) (court's subject matter jurisdiction question of law); *State* v. *Parra*, 251 Conn. 617, 622, 741 A.2d 902 (1999) (statutory construction question of law); *State* v. *Marsala*, 93 Conn. App. 582, 587, 889 A.2d 943 (constitutional issue question of law), cert. denied, 278 Conn. 902, 896 A.2d 105 (2006).

I

AC 33327

On appeal, the defendant claims that it was error for Judge Mullarkey to grant the state's motion to use reasonable physical force to obtain a DNA sample from him because (1) the court lacked subject matter jurisdiction, (2) application of § 54-102g to him violates the due process and ex post facto provisions of the federal constitution and (3) the statute does not provide for the use of force to obtain a DNA sample. We disagree with the defendant's claims.

The following additional facts are relevant to our resolution of the defendant's claims. On February 8, 2011, the court issued a memorandum of decision in which it undertook a thorough analysis of the claims raised by the defendant and Mark Banks; see *State* v.

*Banks*, 143 Conn. App. 485, 71 A.3d 582 (2013); in their objections to the state's motions for permission to use reasonable physical force. See footnote 5 of this opinion. The court found that the defendant was in the custody of the commissioner and that he was subject to the conditions of § 54-102g (a). The court concluded that it had subject matter jurisdiction to rule on the state's motion to use reasonable force; its order would not affect the sentence that the defendant was serving; the statute is regulatory, not penal, in nature; the defendant was not denied due process of law; application of the statute to the defendant did not violate the ex post facto clause; and the use of reasonable physical force was inherent in the statute to effectuate the legislature's goal of establishing a DNA data bank to assist in future criminal investigations.

The claims raised by the defendant in this appeal are similar to the claims raised in the companion case that we decided today. See *State* v. *Banks*, supra, 143 Conn. App. 492. Our discussion of the claims raised in *Banks* resolves the claims raised by the defendant in this appeal. See id., 492–508. We therefore adopt the reasoning and conclusions of that opinion herein. See, e.g., *Przekopski* v. *Zoning Board of Appeals*, 131 Conn. App. 200, 203–204, 26 A.3d 671 (2011). Accordingly, the judgment is affirmed.

## II

### AC 34570

The defendant claims that his conviction for failing to submit a DNA sample in violation of § 54-102g (g) violates the constitutional provisions regarding due process of law and the prohibition against ex post facto laws and double jeopardy.[5] We disagree.

---

[5] The state argues that the defendant's ex post facto claim was not preserved for appellate review. We agree that the defendant did not raise an ex post facto claim in his motion to dismiss or at trial. A claim that § 54-102g as applied to the defendant violated the ex post facto clause was addressed by Judge Mullarkey when he ruled on the state's motion to use

The following additional facts are relevant to our resolution of the defendant's claims. Prior to trial, the defendant filed a motion to dismiss the charges of failing to submit a DNA sample, claiming that prosecution under § 54-102g violated the constitutional right to due process and the prohibition against double jeopardy. Judge Dewey heard the motion prior to jury selection on January 4, 2011. At that time, the defendant argued that his prosecution under the statute constituted double jeopardy, which protects against multiple punishments for the same offense, namely, that he was being punished as a result of having been convicted of murder. More specifically, the defendant argued that requiring someone to provide a DNA sample as a result of a prior conviction is another punishment. He framed the key question as to whether providing a sample is penal in nature. The defendant also argued that prosecution under § 54-102g (g) constituted excessive punishment as it flowed from his murder conviction.

The state opposed the defendant's motion to dismiss on two grounds: (1) there is no double jeopardy violation because the facts of the case fail to meet the test articulated in *Blockburger*,[6] in other words, the factual scenario for the defendant's murder conviction are distinct from the facts underlying the charge of failing to provide a DNA sample; and (2) the requirement under § 54-102g that a felon in the custody of the commissioner provide a DNA sample is regulatory, not punitive, in nature.

---

reasonable physical force. See *State* v. *Banks*, supra, 143 Conn. App. 504–508. Because we already have concluded that § 52-102g as applied to the defendant does not violate the ex post facto clause; see part I of this opinion; we will not address the claim again.

[6] See *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932) (where same act or transaction constitutes violation of two distinct statutory provisions, test is whether there are two offenses or only one, whether each provision requires proof of fact other does not).

The court denied the defendant's motion to dismiss, concluding that prosecution under § 54-102g did not constitute double jeopardy because taking a DNA sample is not punishment, but a legislatively mandated sentencing procedure. The court found that the defendant was being prosecuted for violating a sentencing procedure, i.e., he refused to provide a DNA sample. The court denied the motion to dismiss. A jury subsequently found the defendant guilty of not providing a DNA sample in violation of § 54-102g (g). After the court sentenced the defendant to one year in prison, consecutive to the sentence he was then serving, the defendant appealed.

The fifth amendment to the federal constitution provides in relevant part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const., amend V. The double jeopardy clause is "applicable to the states through the fourteenth amendment and establishes the federal constitutional standard concerning the guarantee against double jeopardy." *State* v. *Kasprzyk*, 255 Conn. 186, 191, 763 A.2d 655 (2001). "Although the Connecticut constitution does not include a specific double jeopardy provision, the due process and personal liberty guarantees provided by article first, §§ 8 and 9, of the Connecticut constitution have been held to encompass the protection against double jeopardy." (Internal quotation marks omitted.) Id., 192.

"The constitutional prohibition of double jeopardy has been held to consist of three separate guarantees: [1] It protects against a second prosecution for the same offense after acquittal. [2] It protects against a second prosecution for the same offense after conviction. [3] And it protects against multiple punishments for the same offense." (Internal quotation marks omitted.) *State* v. *Lonergan*, 213 Conn. 74, 78–79, 566 A.2d 677 (1989), cert. denied, 496 U.S. 905, 110 S. Ct. 2586, 110

L. Ed. 2d 267 (1990). On appeal, the defendant claims that the third of these guarantees has been violated. He claims that he is serving a thirty year sentence for murder and possession of a firearm and that he is being punished again by being required to provide a DNA sample. The defendant's claim is misguided for more than one reason.

First, as Judge Mullarkey concluded when he granted the state's motion to use reasonable physical force to obtain a DNA sample, § 54-102g is a regulatory statute not a penal one. See *State* v. *Banks*, supra, 143 Conn. App. 493–99. The purpose of the statute is to establish a DNA data bank to assist with future criminal investigations. Id., 497. Second, although § 54-102g (g) provides that a felon who fails to provide a DNA sample when directed to do so may be prosecuted for refusing to comply, the prosecution does not affect any prior sentence. See id., 495. Third, a prosecution for failing to provide a DNA sample applies prospectively and is the result of conduct that occurs after the underlying sentence has begun. See id. In this case, the defendant's refusal to provide a DNA sample is new, postconviction conduct and constitutes a separate crime. The defendant's double jeopardy claim fails, and we therefore affirm the judgment of conviction.

The judgments are affirmed.

In this opinion the other judges concurred.