******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PAUL RADZIK ET AL. *v.* CONNECTICUT CHILDREN'S
MEDICAL CENTER ET AL.
(SC 19267)

Rogers, C. J., and Palmer, Eveleigh, McDonald, Espinosa and Robinson, Js.*

*Argued December 11, 2014—officially released June 30, 2015*

*Michael G. Rigg*, with whom were *Lorinda S. Coon*
and, on the brief, *Donna R. Zito* and *William J. Scully*,

for the appellants (defendants).

*Ruben Honik*, pro hac vice, with whom were *Leslie Gold McPadden* and, on the brief, *Kevin Fay*, pro hac vice, for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The dispositive issue in this certified appeal is whether the trial court's order granting the motion of the plaintiff, Paul Radzik, individually and as the administrator of the estate of his son, Jonathan Radzik,[1] to compel electronic discovery of the hard drives of certain computers used by the defendant Francisco A. Sylvester constitutes a final judgment. The defendants, Connecticut Children's Medical Center (hospital), Sylvester, and CCMC Faculty Practice Plan, Inc., contending that the disclosure of certain information on the computers would impair the privacy interests of nonparty patients, appealed to the Appellate Court, which dismissed the appeal for lack of a final judgment. *Radzik* v. *Connecticut Children's Medical Center*, 145 Conn. App. 668, 680, 682, 77 A.3d 823 (2013). We subsequently granted the defendants' petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly hold that the privacy rights of nonparties were unaffected by the trial court's order requiring the disclosure of potentially protected health information to a court-appointed discovery master?" *Radzik* v. *Connecticut Children's Medical Center*, 311 Conn. 901, 83 A.3d 603 (2014). The defendants claim that: (1) the trial court's discovery order constitutes a final judgment and, therefore, is reviewable by this court; and (2) the trial court abused its discretion in issuing an order allowing the plaintiff to image the hard drives of Sylvester's home computer and office computers at the hospital and at Saint Francis Hospital and Medical Center. We conclude that the discovery order does not constitute a final judgment and, accordingly, we affirm the judgment of the Appellate Court.

The plaintiff alleged in his amended complaint that "Sylvester, a board certified specialist in pediatrics who as a servant, agent or employee of [the hospital] and CCMC Faculty Practice Plan, Inc., treated Jonathan Radzik, a minor, for Crohn's disease. In the course of such treatment, Sylvester prescribed the drug Remicade, which is administered by intravenous infusion. Jonathan Radzik underwent infusions of Remicade at [the hospital] and under the care and supervision of Sylvester from April, 2003 to October, 2005. In January, 2007, Jonathan Radzik died as a result of Hepatosplenic T-Cell Lymphoma . . . ." *Radzik* v. *Connecticut Children's Medical Center*, supra, 145 Conn. App. 670. The plaintiff further alleged in his amended complaint that "when Sylvester prescribed Remicade for Jonathan Radzik, he was aware that: '[T]he manufacturer of Remicade had circulated warnings to the medical community that the use of Remicade had been known to cause fatal T-cell lymphomas in patients who were also receiving azathioprine . . . [and that] the type of lymphoma most commonly associated with Remicade treatment was an aggressive and typically fatal variant' and, fur-

ther, that he had failed to obtain parental permission to prescribe Remicade for Jonathan Radzik." Id.

The plaintiff filed various motions to compel electronic discovery with the goal of determining what Sylvester knew about Remicade and when he knew it. Id., 671–74. On July 19, 2012, the court issued a ruling that the plaintiff would be permitted to image the hard drives of the three computers used by Sylvester and that the contents would then be forensically examined. Id., 674–75. In order to protect the privacy of patients and Sylvester's family, the court ordered that anyone involved in the imaging or investigation of the hard drives would have to sign a protective order drafted by the parties. Id., 675. The court further ordered that an independent forensic consultant would complete the forensic investigation and that a discovery master would be appointed to oversee the forensic consultant and to report the results of the investigation to the court. Id.

The defendants appealed from the trial court's order to the Appellate Court and that court concluded that the order did not constitute a final judgment because it was not directed at nonparties, because the "issues at hand involve[d] a discovery dispute between parties in ongoing litigation and [did] not constitute a separate and distinct proceeding,"; id., 680; and "the order [did] not provide for dissemination or publication of the forensic imaging [and, therefore], the rights of the defendants [were] not irretrievably lost . . . ." Id., 682. On appeal to this court, the defendants claim that the order constitutes a final judgment because "once the private information of nonparty patients is disclosed to the discovery master, patient confidentiality is lost."

During oral argument before this court, the plaintiff represented that the trial court's order provided the defendants with the "absolute right" to redact confidential information from the records that would be viewed in the course of the forensic investigation prior to their disclosure to anyone in the case, including the discovery master. On February 11, 2015, pursuant to Practice Book § 60-2, this court issued an order remanding the case to the trial court to clarify whether its order did provide the defendants with that right. This court's order further provided that if the trial court concluded that it had not issued such order, but deemed the conditions appropriate to do so in this case, the trial court could issue that order.

On March 4, 2015, the trial court responded to this court's February 11, 2015 order. The trial court noted that its ruling had not provided the defendants with an absolute right to redact confidential information, but acknowledged that such a protection would be appropriate in this situation. The court stated that it would allow the defendants that opportunity and outlined procedures that defense counsel should take in redacting all patient identifying information from the documents

prior to providing them to the discovery master.

"A determination regarding . . . subject matter jurisdiction is a question of law . . . [and, therefore] our review is plenary." (Internal quotation marks omitted.) *Niro* v. *Niro*, 314 Conn. 62, 67, 100 A.3d 801 (2014). "The general rule is that orders relating to discovery do not constitute a final judgment and are not appealable both because their initial determination does not so conclude the rights of the appealing party that further proceedings cannot affect those rights . . . and because . . . their import is fully apprehended only after trial is concluded." (Citations omitted.) *State* v. *Grotton*, 180 Conn. 290, 292, 429 A.2d 871 (1980). "[W]e have stated that, although [t]he subject matter jurisdiction of our appellate courts is limited by statute to appeals from final judgments . . . [t]he legislature may . . . deem otherwise interlocutory actions of the trial courts to be final judgments, as it has done by statute in limited circumstances. . . . Alternatively, the courts may deem interlocutory orders or rulings to have the attributes of a final judgment if they fit within either of the two prongs of the test set forth in *State* v. *Curcio*, [191 Conn. 27, 31, 463 A.2d 566 (1983)]. . . . Under *Curcio*, the landmark case in the refinement of final judgment jurisprudence . . . interlocutory orders are immediately appealable if the order or ruling (1) terminates a separate and distinct proceeding or (2) so concludes the rights of the parties that further proceedings cannot affect them." (Internal quotation marks omitted.) *Niro* v. *Niro*, supra, 67–68. "Unless an order can satisfy one of these two prongs, the lack of a final judgment is a jurisdictional defect that [necessitates] . . . dismissal of the appeal." (Internal quotation marks omitted.) *BNY Western Trust* v. *Roman*, 295 Conn. 194, 202, 990 A.2d 853 (2010).

In the present case, the trial court issued its discovery order and the defendants filed an interlocutory appeal. Discovery orders generally do not satisfy either *Curcio* exception, absent extraordinary circumstances. See, e.g., *Woodbury Knoll, LLC* v. *Shipman & Goodwin, LLP*, 305 Conn. 750, 757–58, 48 A.3d 16 (2012); *Abreu* v. *Leone*, 291 Conn. 332, 344, 968 A.2d 385 (2009). Although the defendants contend that the first prong of *Curcio* is satisfied because the privacy interests of patients would be irreparably harmed by the computer searches, in light of the additional protections added to the discovery order in the trial court's March 4, 2015 response to this court's order, we are not persuaded that any such harm is likely to occur. The discovery order in the present case neither terminates a separate and distinct proceeding nor so concludes the rights of the parties such that additional proceedings cannot affect them. *State* v. *Curcio*, supra, 191 Conn. 31. We conclude, therefore, that the trial court's order does not constitute a final judgment.

The judgment of the Appellate Court is affirmed.

* Justice Zarella was a member of the panel when this case was argued before this court. Subsequently, Justice Zarella was disqualified from the case and did not participate in the consideration or decision of this case.

[1] For convenience, we refer to Paul Radzik in both his capacities as the plaintiff.

————————————————